**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Joseph J. DePalma
Catherine B. Derenze
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
jdepalma@litedepalma.com
cderenze@litedepalma.com

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Mindee J. Reuben
Steven J. Greenfogel
1515 Market Street - Suite 1200
Philadelphia, PA 19102
Tel: (267) 519-8306
Fax: (973) 623-0858
mreuben@litedepalma.com
sgreenfogel@litedepalma.com

*Interim Liaison Counsel for Producer Indirect Purchaser Plaintiffs*
*(Additional Counsel on Signature Page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No.: 23-3249 (WJM)(JSA)<br><br>**PRODUCER INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Producer Indirect Purchaser Plaintiffs ("Plaintiffs")[1], individually and on behalf of all others similarly situated ("Classes" or "Class Members"), file this

---

[1] "Plaintiffs" refers collectively to each of the named plaintiffs identified in Section II.A of this complaint.

1

981296.1

Consolidated Class Action Complaint ("Consolidated Complaint") against Defendants DSM-Firmenich AG, Firmenich International, SA, Firmenich SA, Firmenich Incorporated, Agilex Flavors & Fragrance, Inc. (collectively, "Firmenich"); Givaudan SA, Givaudan Fragrances Corporation, Ungerer & Company, Inc., Custom Essence LLC (collectively, "Givaudan"); Symrise AG, Symrise Inc., and Symrise US LLC (collectively, "Symrise"); and International Flavors & Fragrances, Inc. ("IFF") (collectively, "Defendants"). Plaintiffs and the Classes seek injunctive relief, treble damages, costs, attorneys' fees, and other just relief for Defendants' *per se* violation of Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1 and 3), state antitrust laws, unfair competition laws, consumer protection laws, and unjust enrichment laws of the several States and District of Columbia. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on the investigation conducted by their counsel as to all other allegations. Plaintiffs demand a trial by jury.

## I.     INTRODUCTION

1.      Plaintiffs bring this class action alleging that Defendants participated in a conspiracy to fix, raise, maintain, and stabilize the prices for "Fragrances" and "Fragrance Ingredients" as defined below, sold in the United States from January 1, 2018 until the effects of the conspiracy ceased ("Class Period"). Plaintiffs and Class

981296.1

Members are entities that produce finished goods containing Fragrances, such as candles and soaps ("Finished Fragrance Products").[2]

2.    "Fragrances" are chemical mixtures that produce a distinctive scent. They are made up of "Fragrance Ingredients," which are chemical compounds such as vanillin, citral, or terpenoids.[3] References to "Fragrances" herein shall, therefore, also include "Fragrances Ingredients" unless otherwise specified.

3.    Fragrances are added to goods to make them more appealing to the user. Because scent is an extremely important driver of sales, they can be used to establish customer preference or even establish an individual signature scent. Fragrances are therefore a fixed input for many goods.

4.    Defendants are the four largest producers of Fragrances, controlling nearly two-thirds of the global and U.S. markets. Defendants acquire raw materials and convert them into Fragrances. Defendants' sale of Fragrances and Fragrance Ingredients is a multi-billion-dollar business in the United States.

---

[2] "Finished Fragrance Product" as used herein means finished products, such as candles, soaps, perfumes, and deodorants. A Finished Fragrance Product is not intended to be used in the production of another product.

[3] The International Fragrance Association ("IFRA") maintains a "Transparency List" to catalogue each Fragrance Ingredient by its chemical name and formula. As of 2022, the IRFA Transparency list includes 3,224 Fragrance Ingredients. *See The IFRA Transparency List*, IFRA, https://ifrafragrance.org/priorities/ingredients/ifra-transparency-list (last accessed Feb. 4, 2024).

981296.1

5.      Faced with rising ingredient costs, and beginning at least as early as January 1, 2018, Defendants entered into an unlawful agreement in restraint of trade to increase Fragrance prices. To maintain their profitability, Defendants coordinated their pricing policies with one another, divided the market by allocating certain customers to certain Defendants, and imposed supply constraints for Fragrances. Through this unlawful coordination, Defendants charged their customers supracompetitive prices, which were in turn passed through to Plaintiffs and the Class Members. Tellingly, however, after raw material prices began to subside, Defendants continued to increase the prices of Fragrances in a coordinated fashion.

6.      Plaintiffs learned of Defendants conspiracy no earlier than March 7, 2023.  On that date, the European Commission ("EC") announced that it had carried out dawn raids at several suppliers and an industry association in the Fragrances industry in coordination with the Swiss Competition Commission ("COMCO"), the U.S. Department of Justice Antitrust Division ("DOJ"), and the U.K. Competition and Markets Authority ("CMA").[4]

7.      The same day, CMA provided further insight into the dawn raids, announcing that it "has reason to suspect anti-competitive behaviour [*sic*] has taken place involving suppliers of Fragrance Products for use in the manufacture of

---

[4] *Antitrust: Commission Confirms Unannounced Inspections in the Fragrance Sector*, EUROPEAN COMMISSION (Mar. 7, 2023), https://ec.europa.eu/commission/presscorner/detail/en/ip_23_1532.

4

consumer products such as household and personal care products," and named Firmenich International SA, Givaudan SA, International Flavors & Fragrances Inc., and Symrise AG as the subjects of the investigation.[5]

8.    The next day, COMCO revealed that the dawn raids were based on "indications that several undertakings active in the production of fragrances have violated cartel law."[6] COMCO identified the same Defendants as targets of the dawn raids and disclosed that "[t]here are suspicions that these undertakings have coordinated their pricing policy, prohibited their competitors from supplying certain customers and limited the production of certain fragrances."[7]

9.    In a May 10, 2023 filing with the U.S. Securities and Exchange Commission ("SEC"), IFF acknowledged the investigation and disclosed that it had received a criminal grand jury subpoena from the DOJ,[8] meaning the DOJ is considering a criminal prosecution against IFF and/or its co-conspirators. According to Section F.1 of Chapter 3 of the 2014 edition of the DOJ's Antitrust Division

---

[5] *CMA Launches Investigation into Fragrances and Fragrances Ingredients*, CMA (last updated Mar. 8, 2023), https://www.gov.uk/government/news/cma-launches-investigation-into-fragrances-and-fragrance-ingredients.

[6] *COMCO Investigates Possible Collusions in the Fragrance Market*, COMCO (Mar. 8, 2023), https://www.weko.admin.ch/weko/en/home/medien/press-releases/nsb-news.msg-id-93502.html.

[7] *Id.*

[8] International Flavors & Fragrances Inc., Quarterly Report (Form 10-Q) (May 10, 2023).

981296.1

6

Manual, "staff should consider carefully the likelihood that, if a grand jury investigation developed evidence confirming the alleged anticompetitive conduct, the Division would proceed with a criminal prosecution." Similarly, Firmenich also disclosed that it received a subpoena from the DOJ.[9]

981296.1